467 A.2d 194

**Raymond OFFUTT aka Raymond Latour Williamson**

v.

**STATE of Maryland.**

**No. 1810, Sept. Term, 1982.**

Court of Special Appeals of Maryland.

Nov. 2, 1983.

See also, 55 Md.App. 261, 463 A.2d 876; Md., 467 A.2d 181.

Louis P. Willemin, Asst. Public Defender, with whom was Alan H. Murrell, Public Defender of Maryland, on brief, for appellant.

Jillyn K. Schulze, Asst. Atty. Gen. with whom were Stephen H. Sachs, Atty. Gen., Andrew L. Sonner, State's Atty. for Montgomery County and Martha Kavanaugh, Asst. State's Atty. for Montgomery County, on brief, for appellee.

Argued before MOYLAN and GETTY, JJ., and MORTON, JAMES C., Jr., Retired, Specially Assigned Judge.

GETTY, Judge.

Raymond Offutt, also known as Raymond Latour Williamson, appellant herein, was convicted by a jury in the Circuit Court for Montgomery County of housebreaking and theft. On May 10, 1982, he was sentenced to ten years for the housebreaking and fifteen years for theft. The sentences were to be served concurrently, but consecutively to any other existing sentence.

In this appeal, appellant raises three issues for our consideration. They are:

1. Did the trial court err in failing to suppress evidence which was the result of an unlawful search and seizure?

2. Did the trial court err in failing to suppress appellant's statement?

3. Did the trial court err in admitting a pawn ticket into evidence?

## HISTORY

The Montgomery County Police obtained a search warrant for the premises occupied by appellant's girl friend. The

property recovered was linked to several burglaries that had occurred in Montgomery County. Appellant was subsequently charged with committing a number of the burglaries. In each case appellant filed a motion to suppress the evidence and the various motions were consolidated for hearing. The motions were decided adversely to appellant and the trial process began.

In the present case appellant was charged with housebreaking and theft involving the property of Charles M. Thrift. Appellant invoked his right to counsel immediately after his arrest. He was not questioned at that time and efforts were made to contact the Public Defender on his behalf. On the following day appellant was removed from the Montgomery County Detention Center and taken to the Rockville Police Station for questioning concerning two additional burglaries.[1] Arrest warrants had been issued charging appellant with having committed the two burglaries.

The detective who conducted the questioning at the police station was aware that appellant had previously refused to talk about his involvement in the case that triggered his initial arrest. Appellant was advised of his rights under *Miranda* for the second time since his arrest, and waived both his right to remain silent and his right to have an attorney present during questioning. After being informed of the evidence implicating him in the thefts of property from the Hurd and Nigen residences, appellant gave a statement concerning how he came into possession of all of the seized property.

It is this statement, obtained by the police after appellant had initially exercised his right to counsel, that appellant insists should have been suppressed by the trial court. We are compelled to agree. We affirmed appellant's conviction of theft in *Offutt v. State,* 55 Md.App. 261, 463 A.2d 876 (1983). We did so in reliance upon the opinion of the Supreme Court in *Michigan v. Mosley,* 423 U.S. 96, 96 S.Ct.

---

1. The two burglaries under investigation involved the Hurd and Nigen residences.

321, 46 L.Ed.2d 313 (1975), that differentiated that class of cases where the resumption of interrogation involved separate investigations of separate crimes.

Maryland has consistently followed the command of *Edwards v. Arizona,* 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981), and *Bryant v. State,* 49 Md.App. 272, 431 A.2d 714 (1981), requiring that a suspect, once he has requested a lawyer, may not be interrogated "unless the accused himself initiates further communications, exchanges, or conversations with the police." *Id.* 451 U.S. at 485, 101 S.Ct. at 1885. We found *Edwards v. Arizona* to be inapposite in our holding in *Offutt,* because *Offutt,* like *Michigan v. Mosley,* dealt with separate investigations of separate crimes and did not involve the single investigation of one criminal episode— the scenario of *Edwards v. Arizona.*

One month after our decision in *Offutt,* however, the Court of Appeals issued its opinion in *Radovsky v. State,* 296 Md. 386, 464 A.2d 239 (1983). Radovsky was arrested for attempted burglary and, as in *Offutt,* specifically requested the assistance of counsel. The following day Radovsky, while handcuffed to a table in the interrogation room in the Rockville Police Station, was questioned concerning burglaries in Montgomery County which were unrelated to the charges upon which he was being detained. Radovsky indicated to the detectives that he would talk to them and executed a form waiving his right to have counsel present. He made inculpatory statements about several burglaries, accompanied the police to his apartment where various articles of stolen property were recovered, and pointed out to the police several residences that he had burglarized.

Radovsky was convicted of two counts of burglary and one count of theft and sentenced to a term of eight years imprisonment. In an unreported opinion, we affirmed. A petition for a writ of certiorari was granted by the Court of appeals resulting in a reversal of the convictions. Relying upon *Edwards v. Arizona, supra,* and *Oregon v. Bradshaw,* —— U.S. ——, 103 S.Ct. 2830, 77 L.Ed. 405 (1983), the Court of Appeals held that when an arrestee expresses his desire to

have counsel present, all interrogation must cease "unless the accused himself initiates further communication" (451 U.S. at 485, 101 S.Ct. at 1885). The Court, citing *Bradshaw,* determined that the *Edwards* rule applies, irrespective of whether the subsequent police questioning relates to a different offense than that for which the defendant was earlier arrested.

The decision of the Court of Appeals in *Radovsky* overrules our holding in *Offutt* and is dispositive of the present case where the subsequent interrogation was initiated by the police and not by the accused.[2]

JUDGMENTS REVERSED.

REMANDED TO CIRCUIT COURT FOR MONTGOMERY COUNTY FOR A NEW TRIAL.

Costs to be Paid by Montgomery County.

---

**2.** In view of our holding that appellant's statement was inadmissible under *Radovsky,* we need not address the other issues raised by appellant.